## The People of the State of Illinois ex rel. Emma L. Parker, Plaintiff in Error, v. Mrs. William Bryson, Defendant in Error.

### Gen. No. 22,540.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed February 5, 1917. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Habeas corpus proceedings by the People of the State of Illinois *ex rel.* Emma L. Parker, petitioner, against Mrs. William Bryson, respondent, for the custody of a female child. From a judgment for respondent, relatrix brings error. For the decision on a former appeal, see 198 Ill. App. 171.

SHEPARD, McCORMICK, THOMASON, KIRKLAND & PATTERSON, for plaintiff in error; PERRY S. PATTERSON, of counsel.

BENJAMIN E. BURR and EMORY SMITH, for defendant in error; BENJAMIN E. BURR, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. INFANTS, § 4*—*what does not constitute abandonment of child by mother.* Where a mother, before her pains of maternity had scarcely ceased, allowed her baby to be taken from her under a secret arrangement between her husband and a physician at a hospital where her husband had placed her for confinement, of which arrangement she was ignorant but passively assented thereto,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and the physician refused her any information when asked as to the child's whereabouts, and she was unable to ascertain its whereabouts until after her husband's death, when, upon learning where it was, she instituted habeas corpus proceedings to secure its custody, *held* that there was no abandonment in fact or in law by her of her child.

2. PARENT AND CHILD, § 3*—*when right of mother of child to its custody will not be curtailed.* The mother of a child, its father being dead, is its natural guardian and custodian, and her right will not be infringed or curtailed unless there is something in her life and conduct which makes her an undesirable character to be intrusted with its care and nurture.

3. INFANTS, § 4*—*when mother is proper person to have custody of child.* Where the mother of a child was shown to be a woman of education, refinement and exemplary conduct, and the only criticism upon her life or character possible to be indulged was her indiscretion in yielding under promise of marriage to the father of the child, *held* that she was a fit person to have its care, custody and nurture.

4. INFANTS, § 4*—*when for best interests of child that its mother have custody of it.* All other things being equal, it is for the best interests of a child that it be brought up by its own mother rather than by a foster mother.

5. INFANTS, § 4*—*when for best interests of child that mother be preferred as to custody over foster mother.* In a habeas corpus proceeding between the natural mother and the foster mother of a child for its custody, where the foster mother appeared to be husbandless and was employed away from her home from 5:30 to 9:30 each evening, leaving the baby in the care of others in a store, and the natural mother was shown to have a home on her father's farm where she could give the child her maternal and undivided care and attention and rear it in the atmosphere of a healthy country environment, with the protection of her father, *held* that it would be to the best interests and welfare of the child that it be brought up and cared for by its natural mother.

6. APPEAL AND ERROR, § 1725*—*when opinion of Appellate Court is law of case.* The opinion of the Appellate Court on appeal in a former habeas corpus proceedings by a mother against the foster mother of her child is binding as the law of the case in similar proceedings between the same parties.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.